IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| RANDY REED | § | PLAINTIFF |
| --- | --- | --- |
| | § | |
| V. | § | Civil No.1:09CV339HSO-JMR |
| | § | |
| CHASE HOME FINANCE, LLC | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [5] of Plaintiff Randy Reed, pursuant to 28 U.S.C. § 1447(c). Defendant Chase Home Finance, LLC, filed a Response [7]. Plaintiff did not file a Reply. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion to Remand should be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

*A.  Procedural History*

Plaintiff filed his Complaint on or about April 13, 2009, in the Circuit Court of Harrison County, Mississippi, against Chase Home Finance, LLC ("Chase"). On June 5, 2009, Chase removed the case to this Court on grounds that: (1) the amount in controversy exceeded $75,000.00, exclusive of interest and costs, such that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332; and, (2) Plaintiff's allegations raised claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and/or Regulation "X" implementing RESPA,

24 C.F.R. § 3500 *et seq.*, such that federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1331, with supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff filed his Motion to Remand, contending that the Complaint was improperly removed since it did not contain federal questions or seek monetary relief in excess of $75,000.00.

*B.     Factual Background*

Plaintiff's residence, located in Biloxi, Mississippi, was allegedly "completely and entirely destroyed" when Hurricane Katrina struck the Mississippi Gulf Coast on August 29, 2005. *See* Compl. ¶ 7. According to Plaintiff, at the time of its destruction, the residence was secured by a federally related mortgage loan through Chase. *See id.* ¶ 8. Plaintiff asserts that in February 2006, a joint check for flood insurance proceeds was issued to both he and Chase in the approximate amount of $239,000.00. *See id.* ¶ 9. It is alleged that these proceeds should have reduced the principal balance on the mortgage loan from $248,000.00 to $9,000.00. *See id.* Rather than apply the proceeds to the principal indebtedness, Chase purportedly placed the proceeds into a "suspense" account. *See id.*

On April 11, 2007, Plaintiff maintains he secured a contract for the sale of his residential lot. *See id.* ¶ 11. According to the Complaint, when the closing attorney and/or purchase financing lender requested a payoff amount from Chase, Chase submitted a loan statement reflecting more than the full amount of the principal balance still owed, without disclosing or reporting the existence of the insurance

proceeds held in suspension. *See id.* Plaintiff contends that because of Chase's "lack of cooperation, negligence, wantonness, or recklessness," he was unable to clarify the payoff and the sale failed. *See id.*

Plaintiff asserts claims for negligence and negligent misrepresentation, breach of contract and fraud, concealment, and suppression against Chase. Plaintiff seeks compensatory, actual, and economic damages in the total amount necessary to satisfy the entire balance of the outstanding loan, extra-contractual compensatory damages in an amount to be awarded by a jury, punitive damages in an amount to be awarded by a jury, and costs. *See id.* ¶ 25.

## II. <u>DISCUSSION</u>

Section 1441 of title 28 of the United States Code provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1332, federal district courts also have subject matter jurisdiction over all civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is diversity of citizenship. *See* 28 U.S.C. § 1332.

A.  *Federal Question Jurisdiction*

Plaintiff's Complaint does not expressly mention or rely upon federal law. Chase instead contends that Plaintiff's state law allegations raise claims under RESPA, 12 U.S.C. § 2601 *et seq.*, and/or Regulation "X" implementing RESPA, 24

C.F.R. § 3500 *et seq.*, such that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See* Not. of Removal ¶ 6.

"It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999) (overruled on other grounds).  There exists a "long-established axiom that a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).  "Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* (*citing Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983)).

"Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S 470, 176 (1998) (*quoting Franchise Tax Bd.,* 463 U.S. at 22 )). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id.* The United States Court of Appeals for the Fifth Circuit has held that "the artful pleading doctrine applies *only* where state law is subject to complete preemption."

*Bernhard*, 523 F.3d at 551 (emphasis in original); *see also Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188-89 (5th Cir. 2001).

While RESPA contains language that a claim under it may be brought either in federal court "or in any other court of competent jurisdiction," 12 U.S.C. § 2614, it does not completely preempt state law claims, *see Wood v. Option One Mortg. Corp.*, 580 F. Supp. 2d 1248, 1260 (N.D. Ala. 2008). "Thus, while this [C]ourt does have jurisdiction to hear RESPA claims, it does not have exclusive jurisdiction over them." *Id*. For this reason, neither RESPA nor Regulation "X" can serve as a basis for removal jurisdiction. *See Ball v. Argent Mortg. Co.*, LLC, No. 3:06cv587, 2007 WL 710156, at *3 (S.D. Miss. March 6, 2007).

B.  *Diversity Jurisdiction*

There is no serious dispute in this case that the parties are diverse. The question before this Court is whether the jurisdictional amount in controversy is satisfied. Plaintiff's Complaint contains no specific monetary demand. The Fifth Circuit Court of Appeals has explained that

> "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent from the plaintiffs' complaint that their "claims are likely above [$75,000]." [*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)]. If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts*-[either] in the removal petition [or] by affidavit- that support a finding of the requisite amount." *Id*.

*Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (emphasis in original).

Plaintiff seeks "compensatory, actual and economic damages in the total amount necessary to satisfy the entire balance of the outstanding loan." Compl. ¶ 25. Plaintiff maintains that this amount is $9,000.00, the alleged remaining balance on the mortgage after the application of the insurance proceeds to the principal indebtedness. *See* Mot. to Remand at p. 2. Chase has submitted competent and persuasive evidence that the actual payoff on the mortgage loan is $30,152.36. *See* Reardon Aff. ¶ 4, attached as Ex. "A" to Opp'n.

In addition to those damages sought for the balance of the outstanding loan, Plaintiff demands an unspecified amount of punitive damages for any conduct on behalf of Chase found to be "reckless; grossly negligent; willful; intentional; wanton; unconscionable; part of a course of conduct or pattern and practice to misinform, or deceive; and/or done with insult." *See* Compl. ¶ 23. "It is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy...." *Conner v. First Family Financial Services, Inc.*, No. 4:01cv242, 2002 WL 31056778, at *8 (N.D. Miss. August 28, 2002) (internal citations omitted).

Plaintiff's claims, if proven at trial, could result in the imposition of punitive damages. "Since any award of punitive damages based on such [] claims when added to compensatory damages, if proven true, would clearly be greater than

$75,000, the Court concludes that the amount in controversy threshold is met on the face of [Plaintiff's] [C]omplaint." *Conner*, 2002 WL 31056778 at *8. Based on the foregoing, and because Plaintiff has not filed a Reply or otherwise demonstrated that the amount in controversy does not exceed the jurisdictional minimum, the Court is of the opinion that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### III. CONCLUSION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332, and Plaintiff's Motion to remand must therefore be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [5] of Plaintiff Randy Reed, should be and hereby is DENIED.

**SO ORDERED AND ADJUDGED**, this the 28th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE